Argued and submitted March 11, affirmed August 28, 1991

OREGON PSYCHOLOGICAL
ASSOCIATION, INC.,
*Appellant,*

*v.*

PHYSICIANS ASSOCIATION OF
CLACKAMAS COUNTY, INC.,
Physicians Association of
Clackamas County Health Plans, Inc.,
and United Behavioral Systems, Inc.,
dba United Behavioral Clinics,
*Respondents,*

*and*

HEALTHGUARD SERVICES, INC.,
dba Selectcare,
*Intervenor-Respondent.*

(A8906-03626; CA A64372)

816 P2d 686

Michael H. Simon, Portland, argued the cause for appellant. With him on the briefs were Gary U. Scharff and Perkins Coie, Portland.

E. Walter Van Valkenburg, Portland, argued the cause for respondents Physicians Association of Clackamas County, Inc., and Physicians Association of Clackamas County Health Plans, Inc. With him on the brief were Katherine A. McDowell and Stoel Rives Boley Jones & Grey, Portland.

Thomas M. Christ, Portland, argued the cause for respondent United Behavioral Systems, Inc. With him on the brief were Scott J. Meyer, Jody A. Noon and Mitchell, Lang & Smith, Portland.

William F. Gary, Eugene, argued the cause for intervenor-respondent. With him on the brief were Glenn Klein and Harrang, Long, Watkinson, Arnold & Laird, P.C., Eugene.

Before Richardson, Presiding Judge, and Deits and De Muniz, Judges.

DEITS, J.

## DEITS, J.

Plaintiff, an association of licensed psychologists, appeals a summary judgment for defendant health insurers in this declaratory judgment action.[1] Plaintiff contends that defendants' utilization review requirements for mental health services, particularly those pertaining to pre-authorization of treatment, violate ORS 743.709. Plaintiff also argues that defendants, as health maintenance organizations (HMO), have limited their mental health coverage to services provided only by psychologists affiliated with defendants and that that limitation, too, is in conflict with ORS 743.709. We affirm.

ORS 743.709 provides:

"Whenever any provision of any individual or group health insurance policy or contract provides for payment or reimbursement for any service which is within the lawful scope of a psychologist licensed under ORS 675.010 to 675.150:

"(1)  The insured under such policy or contract shall be free to select, and shall have direct access to, a psychologist licensed under ORS 675.010 to 675.150, without supervision or referral by a physician or another health practitioner, and wherever such psychologist is authorized to practice.

"(2)  The insured under such policy or contract shall be entitled to have payment or reimbursement made to the insured or on the insured's behalf for the services performed. Such payment or reimbursement shall be in accordance with the benefits provided in the policy and shall be the same whether performed by a physician or a psychologist licensed under ORS 675.010 to 675.150."

Plaintiff contends that the statute is a "freedom of choice" statute and that it entitles an insured to mandatory coverage for all services by any psychologist of the insured's choice.

---

[1] It is unnecessary in this opinion to distinguish among defendants either in connection with the details of the procedures that plaintiff challenges or in connection with the specific arguments that defendants make. Various groups of defendants have made separate appearances. Defendant Healthguard Services, Inc., argues that plaintiff failed to preserve the issues on the merits as to it on the assignment of error. Because there is no corresponding contention by or problem with respect to the other defendants, we must reach the merits in any event. Because defendants prevail on the merits, we need not separately resolve Healthguard Services, Inc.'s preservation argument.

Plaintiff argues that the pre-authorization procedures used by defendants, as well as their limitation on which psychologists may be consulted, violate that requirement.

Defendants argue that the pre-authorization procedures are specifically authorized by ORS 743.556(16) and that their restriction of HMO coverage to services by associated psychologists is specifically permitted by ORS 743.556(23). The pertinent provisions of ORS 743.556 are:

"A group health insurance policy providing coverage for hospital or medical expenses shall provide coverage for expenses arising from treatment for chemical dependency including alcoholism and for mental or nervous conditions. The following conditions apply to the requirement for such coverage:

"* * * * *

"(15) Under ORS 430.021 and 430.315, the Legislative Assembly has found that health care cost containment is necessary and intends to encourage insurance policies designed to achieve cost containment by assuring that reimbursement is limited to appropriate utilization under criteria incorporated into such policies, either directly or by reference.

"(16) A group health insurance policy may provide, with respect to treatment for chemical dependency or mental or nervous conditions, that any one or more of the following cost containment methods shall be in effect and the method or methods used by an insurer in one part of the state may be different from the method or methods used by that insurer in another part of the state:

"* * * * *

"(b) Subject to the patient or client confidentiality provisions of ORS 40.235 relating to physicians, ORS 40.240 relating to nurse practitioners, ORS 40.230 relating to psychologists and ORS 40.250 and 675.580 relating to licensed clinical social workers, review for level of treatment of admissions and continued stays for treatment in health care facilities, residential programs or facilities, day or partial hospitalization programs and outpatient services by either insurer staff or personnel under contract to the insurer, or by a utilization review contractor, who shall have the authority to certify for or deny level of payment:

"* * * * *

"(D)  *Review may involve prior approval,* concurrent review of the continuation of treatment, post-treatment review or any combination of these. However, if prior approval is required, provision shall be made to allow for payment of urgent or emergency admissions, subject to subsequent review. If prior approval is not required, insurers shall permit treatment providers, policy holders or persons acting on their behalf to make advance inquiries regarding the appropriateness of a particular admission to a treatment program. Insurers shall provide a timely response to such inquiries. Approval of a particular admission does not represent a guarantee of future payment.

"* * * * *

"(23)  Health maintenance organizations, as defined in ORS 750.005(3), shall be subject to the following conditions and requirements in their provision of benefits for chemical dependency or mental or nervous conditions to enrollees:

"* * * * *

"(c)  *Health maintenance organizations may limit the receipt of covered services by enrollees to services provided by or upon referral by providers associated with the health maintenance organization.*" (Emphasis supplied.)

■  We conclude that the plain language of the pertinent provisions of ORS 743.556 specifically authorizes exactly what defendants have done. Plaintiff argues that the language of ORS 743.556 cannot be read to authorize defendants' actions, because the legislature could not have meant to allow insurers to intervene in the therapeutic psychologist-patient relationship or to curtail the availability of services to the extent that plaintiff argues that defendants' procedures do. However, even assuming that it is appropriate to examine the legislative history, in view of the statute's plain language, that history does not suggest that what ORS 743.556 says departs from what the legislature meant. To the extent that plaintiff's argument is really that ORS 743.556 is not good policy, it must be addressed to the legislature.

Plaintiff's strongest and most strongly urged arguments are that the provisions of ORS 743.709 and ORS 743.556 are inconsistent, but that they can be harmonized in a way that would render defendants' restrictions invalid.

Plaintiff also argues that, if the statutes cannot be harmonized, ORS 743.709 is the more specific statute and that any inconsistency must be resolved in favor of its application.

Defendants argue (1) that the statutes are not inconsistent, because ORS 743.709 does not deal with the matters relevant to this case that are covered by ORS 743.556; (2) that ORS 743.709 was meant only to establish parity of coverage for services by psychologists and physicians and to eliminate the physicians' role as referral "gatekeepers" to psychologists' offices; (3) that the statute does not provide "freedom of choice" of either specific therapies or therapists; and (4) that it simply does not have the meaning attributed to it by plaintiff, *i.e.*, mandatory coverage for all services by any psychologist of an insured's choice. If, however, the two statutes are in conflict, defendants say that ORS 743.556, enacted in 1987, is more recent than ORS 743.709, enacted in 1975, and that it is either the more specific of the two or that the two are equally specific.

■    We conclude that, even if ORS 743.709 was intended to have the broad meaning that plaintiff attributes to it, it would be inconsistent with ORS 743.556 and, because ORS 743.556 was enacted at a later time and is more specific with respect to the matters at issue here, it must control. The question of which statute is more specific depends, of course, on what the relevant subject is. Both statutes relate to mental health services and to insurance coverage for those services. However, defendants' *particular* requirements that plaintiff challenges are specifically covered by ORS 743.556. As the more recent and the more specific of the two provisions, ORS 743.556 is applicable to the issues in this case, and it is dispositive in defendants' favor.

Plaintiff's second assignment of error does not warrant discussion.

Affirmed.